UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Civil Action No. 6:21-cv-01177

JUSTIN G. PACHECO, individually, and on behalf
of all others similarly situated,

    Plaintiff,

v.

CRUNCH FITNESS,

    Defendant,
_____/

## CLASS ACTION COMPLAINT

**NOW COMES** JUSTIN G. PACHECO, individually, and on behalf of all others similarly situated, through his undersigned counsel, complaining of Defendant, CRUNCH FITNESS, as follows:

### NATURE OF THE ACTION

1. This is an action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et. seq.*

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

1

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

5. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. JUSTIN G. PACHECO ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Orlando, Florida.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "consumer" as defined by Fla. Stat. §559.55(8).

8. CRUNCH FITNESS ("Defendant") is a company with its headquarters in New York City, New York.

9. Defendant operates fitness clubs and its stated mission is to "embrace a No Judgments philosophy" regarding its club members.[1]

10. Defendant operates multiple gyms in Florida and markets its gym memberships to consumers in Florida.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 1683.

14. At all times relevant, Plaintiff's number ending in 1683 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

---

[1] https://www.crunch.com/about (Last accessed July 6, 2021)

15. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

16. In late 2019, Plaintiff signed up for a gym membership with Defendant.

17. Plaintiff eventually decided that he no longer needed his gym membership and cancelled shortly after joining.

18. At the time Plaintiff cancelled, he completed all necessary steps and paper work.

19. In or around the beginning of 2020, Defendant started placing harassing collection calls to Plaintiff's cellular phone.

20. During each call that Plaintiff answered, he was met with a lengthy pause and was required to say "hello" numerous times prior to being greeted by a live representative.

21. Once connected to a live representative, Plaintiff was informed that he needed to fix his account and go into a gym location to sign some paperwork.

22. Plaintiff explained that there was nothing wrong with his account and requested Defendant stop contacting him.

23. Unfortunately, Defendant continued throughout the year.

24. In or around January 2021, Plaintiff again requested that the calls cease on at least 3 separate occasions.

25. Despite Plaintiff's unambiguous requests that Defendant cease contacting him and explaining that he does not need to complete any paper work, Defendant continued placing unwanted and unconsented to phone calls to Plaintiff's cellular phone.

26. In total, Defendant has placed no less than 60 unwanted and unconsented to collection calls to Plaintiff's cellular phone after Plaintiff requested that the Defendant cease contact with him.

## DAMAGES

27. Plaintiff significantly values his privacy and solitude.

28. In light of the fact that Plaintiff ended his business relationship with Defendant by cancelling his gym membership, Defendant's phone calls were highly intrusive and were a nuisance.

29. Moreover, Defendant's phone calls were especially troubling considering they continued after Plaintiff requested that Defendant cease contact with him.

30. Defendant's phone calls invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited phone calls, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, temporary loss of use of Plaintiff's cellular phone while Plaintiff's cellular phone was ringing, loss of battery charge, loss of concentration, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

## CLASS ALLEGATIONS

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

### TCPA Class

All persons residing in the state of Florida: (a) to whom Defendant or a third party acting on Defendant's behalf placed phone calls to his/her cellular phone; (b) in connection with an alleged delinquent account; (c) after he/she requested that the phone calls cease; (d) using an automatic telephone dialing system; (e) at any time

in the period that begins four years before the date of the filing of the original complaint through the date of class certification.

33. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.   Numerosity**

34. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

35. The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

36. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

37. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.   Commonality and Predominance**

38. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

39. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.    Typicality**

40. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.    Superiority and Manageability**

41. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

42. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

43. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

44. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.    Adequate Representation**

45. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

46. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

47. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

**CLAIMS FOR RELIEF**
**COUNT I:**
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

**(On behalf of Plaintiff and the Members of the TCPA Class)**

48. Paragraphs 13-47 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

49. The TCPA prohibits phone calls to a cellular phone using an automatic telephone system ("ATDS") without the consent of the recipient. 47 U.S.C. §227(b)(1)(A).

50. The TCPA defines ATDS as "equipment which has the *capacity*—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

51. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

52. Accordingly, the system employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

53. Defendant violated the 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls, including but not limited to the aforementioned collection calls to Plaintiff's cellular telephone, utilizing an ATDS, without Plaintiff's consent.

54. As pled above, Plaintiff revoked consent to be called on his cellular phone on multiple occasions during answered calls.

55. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

56. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

57. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

58. Upon information and belief, Defendant knew its collection practices violated the TCPA yet continued to employ them in order to maximize efficiency and revenue.

59. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the Putative Class are entitled to receive $500.00 in damages for each such violation.

60. As a result of Defendant's knowing and willful violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the Putative Class are entitled to receive up to $1,500.00 in treble damages for each such violation.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Putative Class, requests the following relief:

A. an order granting certification of the Putative Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

C. an order enjoining Defendant from placing further violating phone calls;

D. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

F.      an award of such other relief as this Court deems just and proper.

## COUNT II:
### Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et. seq*.)
### (On behalf of Plaintiff)

61.      Paragraphs 13-47 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

62. Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

> (7)      Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

63.      Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after being asked to stop. *See Waite v. Fin. Recovery Servs., Inc.*, 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being asked to stop).

64.      Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff, JUSTIN G. PACHECO, requests the following relief:

a.      a finding that Defendant violated Fla. Stat. §§ 559.72(7);

b. an award of actual damages sustained by Plaintiff as a result of Defendant's violation(s);

c. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

d. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

e. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: July 20, 2021

Respectfully submitted,

**JUSTIN G. PACHECO**

By: */s/ Alejandro E. Figueroa*
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
Sulaiman Law Group, Ltd.
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
alejandrof@sulaimanlaw.com
*Counsel for Plaintiff*